The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Order, at the hearing and after the hearing as
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant was a duly qualified self-insured.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff last worked for the defendant-employer on March 21, 1993.
5. The issue for determination is whether the plaintiff has contracted a compensable occupational disease, and if so, to what benefits may she be entitled under the Act.
6. The parties stipulated all Industrial Commissions forms filed in these claims, medical records of North Carolina Baptist Hospital, Bowman-Gray School of Medicine, Wake Forest University Physicians, Family Practice Center, and Plaintiff's Answers to Defendant's First Set of Interrogatories into the record.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
At the time of the hearing, the plaintiff was a forty-eight year old female who had completed the eleventh grade. She was employed as a customer service manager with defendant-grocery store in 1993. Plaintiff worked as a customer service manager for seven years and this was her position in 1993 when she left her employment with the defendant-employer. Prior to her position as a customer service manager, the plaintiff worked as a front-end assistant and cashier for approximately ten years.
Plaintiff indicated that she performed a variety of tasks while employed with Food Lion which include the following: worked on the register, bagged groceries, lifted bags of groceries, hired and trained cashiers, used computers, wrote frequently, made out schedules for cashiers and baggers by hand, completed evaluations, used an adding machine constantly, added checks, and did the books.
Plaintiff indicated that she worked on the cash register everyday for some part of the day. Plaintiff also testified that her store only had the food scanners for about one year to one and a half years before she left in March of 1993, but even when the store did have the scanners she had to use her hands to key in certain information. When the scanners arrived, she also had to use the computer daily, but the amount of time that she used the computer depended on the shift that she was working.
During plaintiff's last six months with the defendant-employer, she experienced pain in her wrists, and picking up heavy items caused the greatest pain. Plaintiff also testified that her hands would go numb while adding the checks.
The plaintiff last worked for the defendant-employer on March 21, 1993, at which time she became disabled as a result of a nervous breakdown, and she has not worked for any other employer since leaving the defendant-employer. While working for the defendant-employer, plaintiff did not miss time out of work due to carpal tunnel syndrome. After her hospitalization, plaintiff was told to keep a journal and her hands then became worse. Plaintiff is right-handed.
In May of 1992, the plaintiff sought treatment from the Bowman Gray Family Practice Center with physician's assistant Gail Marion, at which time she presented with left wrist problems as a result of a tendon injury suffered ten years prior to 1992. She also related that she had increased computer duties at work, which gave her problems in both wrists. At that time, the plaintiff was diagnosed with tendinitis in both wrists. Pursuant to N.C. Gen. Stat. § 97-58, the physician assistant's diagnosis does not constitute notice of an occupational disease by competent medical authority.
In the fall of 1992, plaintiff complained to her supervisor of pain in her wrists and arms. She sought treatment at that time from Dr. Peter Donofrio on October 1, 1992, at which time she related a history of pain in her left wrist and left fourth and fifth fingers for approximately one year. The plaintiff associated these symptoms to repetitive activities of moving grocery items across a scanner. The plaintiff also experienced lesser symptoms in her right wrist and fingers. Plaintiff was put in splints and on medication.
EMG and nerve conduction studies ordered by Dr. Donofrio were all reported as normal.
On April 12, 1994, the plaintiff saw Dr. Anthony J. DeFranzo at the Outpatient Rehabilitation Center at Bowman Gray School of Medicine. At that visit, the plaintiff related a history of having a repetitive motion job for about sixteen years. Dr. DeFranzo noted that the plaintiff had been told more than two years prior that she had bilateral carpal tunnel syndrome. The plaintiff further related that nothing on the job aggravated her hands or wrists. Although nerve conduction studies were reported as normal, Dr. DeFranzo recommended surgery for both wrists.
Plaintiff was advised by Dr. DeFranzo on April 12, 1994 that she had carpal tunnel syndrome; therefore, her claim before the Industrial Commission was timely filed pursuant to N.C. Gen. Stat. § 97-58.
The plaintiff underwent right carpal tunnel release surgery in May of 1994, and on the left in July of 1994. Since the surgery, the plaintiff has experienced knots in her palms, and pain in the fingers, hands, elbows and neck, even though she has not returned to any employment since the surgery.
The Full Commission gives no weight to Dr. DeFranzo's opinion that the problems that plaintiff complained of were work-related and that her job was at least aggravating her pain in her arms and wrist. He did not have a demonstration, a video or a written description of the job that plaintiff performed. Instead, Dr. DeFranzo based his opinion solely on the testimony of the plaintiff and his personal observations while in grocery stores.
Plaintiff's primary duties while employed by defendant-employer were supervisory. There is insufficient medical evidence of record to prove by its greater weight that plaintiff's job duties were repetitive in nature and caused her carpal tunnel syndrome.
There is insufficient evidence of record from which to prove by its greater weight that plaintiff's carpal tunnel syndrome is an occupational disease which was due to the causes and conditions characteristic of and peculiar to her employment with defendant-employer and which excluded all ordinary diseases to which the general public was equally exposed.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff has failed to carry the burden of proof to establish by competent evidence that she contracted an occupational disease which was characteristic of and peculiar to her employment, within the meaning of N.C. Gen. Stat. § 97-53
(13).
2. Plaintiff is, therefore, not entitled to any compensation under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-53(13).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its costs.
This the ________ day of May 1998.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
LKM/jth